# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

Filing Date: 1-21-10

Debtor: Edward N McPherson

SS#: 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

Address: PO Box 675
Marshfield, MA 02050

Docket #: 10-10127

Co-Debtor:

SS#:

Address:

Debtor's Counsel: pro se

Address:

Telephone #: 781-929-9861

Facsimile #:

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### OFFICIAL LOCAL FORM 3
### PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: _10-10127_

DEBTORS: (H) _781-929-9861_    SS#: _021-50 5272_

(W) _781-929-9861_    SS#: _____

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ _255.87_ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____

_____; or

☐ ____ Months. The Debtor states as reasons therefore: _____

_____

_____

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Bank of Canton | pre-petition arrears | $ 6,400.00 |

| | | |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| Total of secured claims to be paid through the Plan: | | $ +6400.00 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| none | _____ |
| _____ | _____ |
| _____ | _____ |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Ford Motor Credit | _____ | 1500.— |
| Wells Fargo Auto | _____ | 12,000.— |
| Bank of Canton | _____ | +6400.— |

D. Leases:

  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

  iii. The arrears under the lease to be paid under the plan are   -0-  .

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | $ -0- |
| _____ | _____ | |

-140-

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of Priority Claims to Be Paid Through the Plan: $ -0-

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan): $ -0-

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $ -0- |
| _____ | _____ | $_____ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of __10__ % of their claims.

A. General unsecured claims   242,151.91     $ 27,778.11

B. Undersecured claims arising after lien avoidance/cramdown:

Creditor          Description of Claim          Amount of Claim

_____    _____    $_____

_____    _____    $_____

_____    _____    $_____

C. Non-Dischargeable Unsecured Claims:

Creditor                Description of Claim              Amount of Claim

_____    _____    $_____

_____    _____    $_____

_____    _____    $_____

Total of Unsecured Claims (A + B + C):          $  _13,816.50_

D. Multiply total by percentage:                $  _230.28_
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

Creditor                Description of Claim              Amount of Claim

_____    _____    $_____

_____    _____    $_____

_____    _____    $_____

Total amount of separately classified claims payable at \_\_\_%:   $_____

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: _____

_____.

B. Miscellaneous Provisions:

_____.

_____.

VII. CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section I-A Total): $ _____

b) Priority claims (Section II-A & B Total): $ _____

c) Administrative claims (Section III-A&B Total): $ _____

d) Regular unsecured claims (Section IV-D Total): + $ _____

e) Separately classified unsecured claims: $ _____

f) Total of a + b + c + d + e above: = $ _230.28_

g) Divide (f) by .90 for total including Trustee's fee:
   Cost of Plan = $ _255.87_

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, _____ months

i) Round up to nearest dollar for Monthly Plan Payment: $ _____
(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:
Address                  Fair Market Value            Total Amount of Recorded
                                                      Liens (Schedule D)

_____               $_____                  $_____

_____               $_____                  $_____

_____               $_____                  $_____

Total Net Equity for Real Property:                   $ _-0-_

Less Total Exemptions (Schedule C):                   $_____

Available Chapter 7:                                  $_____

B. Automobile (Describe year, make, model):

2004 FORD E-150 ___ Value $ 1500 ___ Lien $ 25,643.14 Exemption $ 13,643.14

2007 Toyota Camry ___ Value $ 12,000 Lien $ 6,459.00 Exemption $ 4,959.00

Total Net Equity:           $_____

Less Total Exemptions (Schedule C)      $_____

Available Chapter 7:          $_____

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

_____

_____

Total Net Value:           $_____

Less Exemptions (Schedule C):       $_____

Available Chapter 7:          $_____

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions. $_____

E. Additional Comments regarding Liquidation Analysis:

_____

_____

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____    _____
Debtor's Attorney             Date

Attorney's Address: _____

_____

Tel. # ( ~~___~~ ) _____-_____

Email Address: _____


I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_Edward McPherson_         _1-21-10_
Debtor                             Date

_____     _____
Debtor                             Date