# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re:<br>　　EDWARD N. McPHERSON,<br>　　　　　　Debtor. | Chapter 13<br>Case No. 10-10127-WCH |
|---|---|

## TRUSTEE'S RESPONSE TO DEBTOR'S
## MOTION TO VACATE DISMISSAL

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and responds to the Debtor's Motion to Vacate Dismissal ("the Motion"), and states as follows:

1.　　The Debtor filed this case on January 7, 2010. The case was dismissed by the Court on January 13, 2010. The Debtor filed an emergency motion to vacate the dismissal on February 10, 2010. The Court granted the emergency motion on February 10, 2010.

2.　　The meeting of creditors was scheduled for February 24, 2010. The Debtor failed to appear at that meeting despite the fact that the case had been reinstated on February 10, 2010.

3.　　On February 26, 2010, the Trustee filed a Motion for Order Dismissing Case for the Debtor's failure to appear at the meeting of creditors, and failure to make the first plan payment in the amount of $255.87. The Motion included a Notice of Bar Date for Objections/ Responses, informing the Debtor that he had twenty-one (21) days to file a response, and if no response was filed the Court may act on the motion without further notice or hearing.

4.　　The Debtor failed to file a response to the Motion to Dismiss, and on March 23, 2010, the Court granted the Motion to Dismiss. The Debtor now moves to

vacate this dismissal.

      5.     The Trustee has no objection to the reinstatement of the case per se. However, the Debtor is also requesting that he be allowed to appear at a rescheduled meeting of creditors. The Trustee's policy is not to reschedule a meeting of creditors until the first plan payment is received. The Debtor's amended plan filed on March 16, 2010 requires payments of $570.68 per month. The Debtor has not made any payments to the Trustee as of the date of this response.[1] As such, although the Trustee does not object to the reinstatement, the Trustee does object to the request to reschedule the meeting of creditors.

WHEREFORE, the Trustee requests that if this Court grants the Motion to Vacate, that it be on the condition that the Debtor forward a plan payment in the amount of $570.68 to the Trustee within ten (10) days, that the Trustee not be required to reschedule the meeting of creditors until such payment is received, and that failure to make such payment will result in dismissal upon the filing of an Affidavit of Non-Compliance.

Dated: March 25, 2010

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
/s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA 02114-0022
(617) 723-1313
13trustee@ch13boston.com

---

[1] The Debtor has filed a motion to extend time to make the first plan payment. The Trustee will be filing a response to that motion following the filing of this response.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| In re: | |
|---|---|
| EDWARD N. McPHERSON,<br>Debtor. | Chapter 13<br>Case No. 10-10127-WCH |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2010, a copy of the Trustee's Response to Debtor's Motion to Vacate Dismissal was served via first class mail postage prepaid, or by electronic notice, upon the pro se debtor at the address set forth below.

Edward N McPherson
17 Oregon Road
Marshfield, MA 02050

/s/  Patricia A. Remer
Patricia A. Remer, BBO#639594

3